UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PIETRO PASQUALE ANTONI SGROMO, *a/k/a Peter Anthony Sgromo*,

                Plaintiff,

-against-

PEACOCK ALLEY ENTERTAINMENT, *et al.*,

                Defendants.

20-CV-6658 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

    Plaintiff brings this action *pro se* and invokes the Court's diversity jurisdiction, 28 U.S.C. § 1332. He raises breach-of-contract claims, as well as other state-law claims. He also raises a claim under Title III of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq*, and refers to § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). By order dated August 28, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*.

    For the reasons set forth in this order, the Court dismisses the action but grants Plaintiff 30 days' leave to replead.

## STANDARD OF REVIEW

    The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

Plaintiff, a Canadian national who resides in Canada, brings this action against Peacock Alley Entertainment (Peacock), a Canadian media company; Pyramid Productions (Pyramid), a production company located in Canada and Los Angeles, California; James Day, a producer located in Canada and California; and NBC Universal Media LLC, a media company with headquarters in this District.

The following facts are taken from the complaint:[1] On an unspecified date, Plaintiff "narrowly escap[ed] strangulation by confessed and convicted purported 'serial' killer and landscaper Bruce McArthur." (ECF No. 2, at 2.) Plaintiff had "agreed to tell his story exclusively to the Defendants provided it was not – to use Peacock's term 'sensationalized.'" (*Id.* at 4.)

After Plaintiff told his story, he and Peacock "agreed that [Plaintiff] would gather police reports, and other evidence to support the documentary's focus on what clearly became a coverup by Toronto Police and the Crown Attorney (DA)." (*Id.*) Plaintiff spent the next eight months "gathering" evidence, during which time Defendant Day was brought in as a new producer. (*Id.*) Day "represented he would surely include Plaintiff's findings," but Plaintiff never met with Day to share his findings. (*Id.*) Instead, he "was handed a contract of adhesion he had never seen before that included an arbitration clause and no compensation whatsoever." (*Id.* at 5.) Day informed Plaintiff that he would not be compensated because the story "was a public

---

[1] Plaintiff brings six "counts," and includes facts within each count. For example, for "Count I: Breach of Contract," he includes facts in support of that specific claim.

2

interest story and considered 'newsworthy.'" (*Id.*) Day produced a story, "focus[ing] on anything but the truth." (*Id.*)

Plaintiff argues that he is entitled to compensation because "he is a consultant in the area of intellectual property rights including his likeness." (*Id.*)

Plaintiff also alleges that "Defendants refused to allow Plaintiff's Service Dog to sit with him on set despite given full access during the pilot." (*Id.* at 10.) In addition:

> Defendants failed to provide adequate security despite Plaintiff's concern the restaurant that was used as a set (when the Defendants represented they had rented a warehouse where each person filmed would have their own private space) and specifically the entrance which directly opened onto a very busy street. When Plaintiff's service dog began to make his way for the exit Defendants assured the door was secure. Plaintiff suffers from PTSD and approached the stairwell and witnessed his service dog exit onto a busy street narrowly missing a streetcar. The service dog then became frightened and ran. Plaintiff has had an entire relapse of PTSD and has nightmares that require additional medication and significant increased professional counseling.

(*Id.* at 10-11.)

Plaintiff seeks money damages.[2]

## DISCUSSION

Plaintiff includes six counts in his complaint: (1) breach of contract; (2) fraudulent inducement; (3) fraud – breach of fiduciary duty; (4) violation of right to privacy; (5) violation of the Americans with Disabilities Act; and (6) negligent infliction of emotional distress. In the section of his complaint addressing jurisdiction and venue, Plaintiff asserts: "This action arises under the Defendants' use of Plaintiff's name and likeness to promote and advertise a film that constitutes unfair competition and false advertising in violation of the Court's subject matter

---

[2] Under Title III of the ADA, injunctive relief is the only available remedy to private individuals. *Powell v. Nat'l Bd. of Med. Examiners*, 364 F.3d 79, 86 (2d Cir. 2004) (citing 42 U.S.C. § 12188(a)(1), *op. corrected*, 511 F.3d 238 (2d Cir. 2004)).

3

jurisdiction under section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) and its extraterritorial reach." In addition to breach-of-contract claims, Plaintiff alleges that Defendants used his name, portrait or picture within New York State for the purpose of advertising and trade without his consent, in violation of the Lanham Act. He also alleges that Defendants violated the ADA by denying him access to his service dog.

**A.      Federal Claims**

For the reasons discussed below, Plaintiff fails to state a federal claim.

**1.      Americans with Disabilities Act**

Plaintiff alleges that Defendants violated Title III of the ADA by denying him access to his service dog during the filming of their documentary and by failing to secure a door, through which Plaintiff's service dog escaped "onto a busy street narrowly missing a streetcar," triggering Plaintiff's post-traumatic stress disorder. (ECF No. 2, at 10.)

Title III of the ADA governs places of public accommodations and guarantees that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

Here, Plaintiff cannot state a claim under the ADA because if anyone denied Plaintiff access to his service dog, it was not the unnamed restaurant– it was the defendant media companies.³ While ordinarily a restaurant serving food and drinks qualifies as a place of public

---

³ The Court notes that Plaintiff's allegations show that Defendants *did* allow the service dog inside the restaurant, which was being used as the set, as the dog escaped the restaurant at some point.

4

accommodation,[4] in this case, the actions Plaintiff complains about were taken not by a restaurant serving the public, but by Defendants during the filming of their documentary, which happened to occur in a restaurant. As Plaintiff cannot argue that Defendants denied him access to a public place of accommodation, he fails to state a claim under Title III of the ADA.

### 2. Section 43(a) of the Lanham Act

Although Plaintiff mentions the Lanham Act just once in his complaint and does not include it among the six counts that he details, the Court will liberally construe the complaint to assert such a claim. Plaintiff alleges that Defendants used "Plaintiff's name and likeness to promote and advertise a film that constitutes unfair competition and false advertising in violation of the Lanham Act."

To state a claim for trademark infringement under section 32(1) (15 U.S.C. § 114(1) (for infringement of a registered mark)) or section 43(a) (15 U.S.C. § 1125(a) (for infringement of a qualified unregistered mark) of the Lanham Act, the plaintiff must show (1) that its mark is entitled to protection, and (2) that the "defendant's use of the mark is likely to cause consumers confusion as to the origin or sponsorship of the defendant's goods." *Virgin Enters. Ltd. v. Nawab*, 335 F. 3d 141, 146 (2d Cir. 2005); *see also Louis Vuitton Malletier S.A. v. Warner Bros. Entm't Inc.*, 868 F. Supp. 2d 172, 177 (S.D.N.Y. 2012) (citing *Savin Corp. v. Savin Group*, 391 F.3d 439, 456 (2d Cir. 2004)). When applying these factors, courts must focus "'on the ultimate question of whether consumers are likely to be confused.'" *Louis Vuitton Malletier*, 868 F. Supp. 2d at 177 (quoting, *inter alia*, *Nabisco, Inc. v. Warner-Lambert Co.*, 220 F.3d 43, 45-46 (2d Cir.2000)).

---

[4] Under the ADA, "a restaurant, bar, or other establishment serving food or drink" qualifies as a place of public accommodation. *See* 42 U.S.C.A. § 12181(7)(B).

Although Plaintiff alleges that Defendants have engaged in trademark infringement, it is unclear what Plaintiff's theory is since he does not allege that he has a registered or unregistered trademark that is being infringed. He refers only to his name and likeness being used to promote the film. While "claims under § 43(a) generally relate to the use of trademarks or trade dress to cause consumer confusion over affiliation or endorsement, [courts] have held that claims can also be brought under § 43(a) relating to the use of a public figure's persona, likeness, or other uniquely distinguishing characteristic to cause such confusion." *Brown v. Electronic Arts, Inc.*, 724 F.3d 1235, 1239 (9th Cir. 2013); *see also Int'l Info. Sys. Sec. Certification Consortium, Inc. v. Sec. Univ., LLC.*, 823 F. 3d 153, 162 (2d Cir. 2016) ("consumer confusion is plainly not limited to source confusion"). A claim can be brought if a product creates a false impression that the product is about the person, or that the person sponsored, endorsed, or was otherwise involved in the expressive work. *See, e.g., Burck v. Mars, Inc.*, 571 F. Supp. 2d 446, 455 (S.D.N.Y. 2008) (describing elements of a false endorsement claim).

But here, even assuming that Plaintiff is a public figure, Plaintiff does not allege that the film is about him, or that the film or its publicity materials suggest that he sponsored, endorsed, or was otherwise involved in the film. To the contrary, it appears that Plaintiff seeks to bring this action to challenge Defendants' failure to include his research in the film. The Lanham Act does not, however, create a right for Plaintiff to control the content of others' artistic work. As such, Plaintiff cannot state a claim under the Lanham Act

**B.    State Law Claims**

Plaintiff invokes the Court's diversity jurisdiction, but it does not appear that this action meets the requirements for the Court to exercise jurisdiction under the diversity statute, 28 U.S.C. § 1332. Diversity of citizenship is present when the action is between "citizens of a State and citizens or subjects of a foreign state," 28 U.S.C. § 1332(a)(2), or between "citizens of

different States and in which citizens or subjects of a foreign state are additional parties," *id.* § 1332(a)(3). "Diversity is lacking within the meaning of these sections where the only parties are foreign entities, or where on one side there are citizens and aliens and on the opposite side there are only aliens." *Universal Licensing Corp. v. Paola del Lungo S.p.A.*, 293 F.3d 579, 581 (2d Cir. 2002) (relying on *Romero v. Int'l Terminal Operating Co.,* 358 U.S. 354, 381 (1959)).

A corporation is a citizen of *both* the State or foreign state where it is incorporated *and* of the State or foreign state where it has its principal state of business. 28 U.S.C. § 1332(c)(1). "Even if a corporation organized under the laws of a foreign nation maintains its principal place of business in a State, and is considered a citizen of that State, diversity i[s] nonetheless defeated if another alien party is present on the other side of the litigation." *Franceskin v. Credit Suisse*, 214 F.3d 253, 258 (2d Cir. 2000); *see also Creaciones Con Idea, S.A. de C.V. v. Mashreqbank PSC*, 232 F.3d 79, 82 (2d Cir. 2000) (concluding that diversity was lacking in suit by a Mexican corporation against a corporation organized under the laws of the United Arab Emirates, even if the defendant's principal place of business was in New York).

Here, because Plaintiff is a Canadian national, on the plaintiff's "side there are only aliens." *Universal Licensing Corp.*, 293 F.3d at 581. As there are no citizens of the United States on one side of the litigation, Plaintiff cannot establish diversity jurisdiction under § 1332(a)(3). Moreover, because Plaintiff alleges that Peacock and Pyramid are Canadian media companies – and Day resides in Canada – for purposes of diversity jurisdiction, the three defendants are citizens of Canada. Given that Plaintiff is also a citizen of Canada, this suit appears to be one between alien parties.

## LEAVE TO REPLEAD

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its

defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). The Court is doubtful that Plaintiff can cure the deficiencies in the complaint, but because amendment might not be futile, the Court grants Plaintiff 30 days' leave to replead his claims.

## CONCLUSION

Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed for failure to state a claim, see 28 U.S.C. § 1915(e)(2)(B)(2), with 30 days' leave to replead.

The Court denies Plaintiff's motion for permission for electronic case filing (ECF No. 3) for failure to complete an introductory course in this District.

Plaintiff's request for the issuance of summonses (ECF Nos. 8-10) is denied as moot.

Plaintiff has consented to electronic service. (ECF No. 4.)

SO ORDERED.

Dated:   September 9, 2020
         New York, New York

_____
Louis L. Stanton
U.S.D.J.